IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CASE NO. 3:24-CR-23-TES |
| SHAYAAN HUSAIN, | : |
| Defendant. | : |

## PLEA AGREEMENT

The Acting United States Attorney for the Middle District of Georgia ("United States") and Shayaan Husain (Defendant) enter into this plea agreement, agreeing as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the United States' evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by a jury. Defendant understands that at a jury trial Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' witnesses, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf,

1



but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

(3)

Being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, Defendant agrees pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), as follows:

(A) Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Indictment which charges Defendant with Conspiracy to Possess with Intent to Distribute Protonitazene in violation of Title 21, United States Code, Section 846 in conjunction with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

(B) Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant to the following penalties on Count One:

- a maximum sentence of twenty (20) years imprisonment;
- a maximum fine of $1,000,000.00, or both; and
- a term of supervised release of three (3) years.

Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C) Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the United States, or the Probation Office. Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea on the ground that Defendant received an estimated guideline range from the United States, Defendant's attorney, or the

2



Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigation Report or different from the guideline range found by the Court to be the correct guideline range.

(D) Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigation Report has been completed. Defendant understands and has discussed with Defendant's attorney that Defendant will have the opportunity to review the Presentence Investigation Report and to object to and challenge any facts reported therein. Defendant understands and has discussed with Defendant's attorney that any objections or challenges by Defendant or Defendant's attorney to the facts or recommendations presented in the Presentence Investigation Report or any disagreement with the Court's rulings on such objections or challenges will not be grounds for withdrawing the plea of guilty. Nothing in this agreement precludes the United States from providing full and accurate information to the Court and the Probation Office for use in calculating the advisory guideline range applicable to Defendant.

(E) Defendant understands and has discussed with Defendant's attorney that after the Court determines the advisory guideline range applicable to Defendant, the Court has the discretion and authority to impose a sentence that is more severe or less severe than the sentence recommended by the guidelines.

(F) Although 18 U.S.C. § 3742 authorizes defendants to appeal their sentences under certain circumstances, Defendant knowingly and voluntarily waives any right to appeal Defendant's sentence, including the amount of any restitution imposed as part of Defendant's sentence. Defendant's sentence appeal waiver does not apply if: (1) the Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the Court at the time

3



of sentencing; (2) the Court imposes a sentence that exceeds the statutory maximum; or (3) the United States appeals Defendant's sentence under the authority of 18 U.S.C. § 3742(b). Nothing in this agreement shall deprive the United States of its right to appeal Defendant's sentence, as authorized by 18 U.S.C. § 3742(b). If, however, the United States appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under 28 U.S.C. § 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by 28 U.S.C. § 2241.

Defendant understands and acknowledges that the waivers outlined herein may result in the dismissal of any appeal or collateral attack Defendant might file challenging Defendant's conviction or sentence. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the United States, be remanded to the Court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

(G) Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding Defendant's involvement and the involvement of all others involved in the charges alleged in the present Indictment as well as any and all criminal violations about which Defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. Defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. Defendant understands that this agreement does not require Defendant to implicate any particular individual or individuals or to

4



"make a case." Rather, this agreement requires Defendant to be truthful and to testify truthfully whenever called upon.

(H)     Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules by entering into this plea agreement. If, after entering into this plea agreement, Defendant fails to plead guilty, or the plea of guilty is later withdrawn, Defendant's statements in connection with this plea, including the stipulation of fact set forth below in paragraph (8), and any leads derived therefrom, shall be admissible for any and all purposes.

(I)     Defendant further agrees that all evidence, except biological evidence as defined in 18 U.S.C. § 3600A, if any, obtained in this investigation and prosecution may be destroyed or returned to its rightful owner 30 days after entry of the judgment or thereafter.

(J)     The United States and Defendant hereby agree that any breach of this agreement by Defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the Indictment, would: (a) not relieve Defendant of Defendant's plea of guilty; (b) permit the United States to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this Indictment; (c) permit the United States to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the United States to utilize against Defendant in any subsequent judicial proceeding any and all statements made by Defendant. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United

States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(K) Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding over which the Court does not have jurisdiction. Defendant understands that no one, including Defendant's attorney, or the Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Nevertheless, Defendant affirms that Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States agrees as follows:

(A) The United States will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought against Defendant solely in this district. The United States agrees to dismiss all remaining counts of the pending Indictment in exchange for Defendant's plea of guilty to Count One of the Indictment.



(B) If Defendant cooperates truthfully and completely with the United States, including being debriefed and providing truthful testimony at any proceeding resulting from or related to Defendant's cooperation, then the United States will make the extent of Defendant's cooperation known to the sentencing court. If Defendant is not completely truthful and candid in Defendant's cooperation with the United States, Defendant may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If Defendant's cooperation is completed before sentencing, the United States will consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. § 3553(e) and/or U.S.S.G. § 5K1.1 and warrants the filing of a motion at the time of sentencing recommending a downward departure from the applicable guideline range. If Defendant's cooperation is completed after sentencing, the United States will consider whether such cooperation qualifies as "substantial assistance" pursuant to Federal Rule of Criminal Procedure 35(b) and warrants the filing of a motion for reduction of sentence. In either case, Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the United States. Any good faith efforts on the part of Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35(b) motion. In addition, should Defendant fail to cooperate truthfully and completely with the United States, or if Defendant engages in any additional criminal conduct, Defendant shall not be entitled to consideration pursuant to this paragraph.

(C) Pursuant to U.S.S.G. § 1B1.8, the United States agrees that any self-incriminating information which was previously unknown to the United States and is provided to the United States by Defendant in connection with Defendant's cooperation and as a result of Defendant's plea agreement to cooperate will not be used in determining the applicable guideline range.

7



Further, the United States agrees not to bring additional charges against Defendant, with the exception of charges resulting from or related to a violent felony, as defined in 18 U.S.C. § 924(e)(2)(B), based on any information provided by Defendant in connection with Defendant's cooperation, which information was not known to the United States prior to said cooperation. This does not restrict the United States' use of information previously known or independently obtained for such purposes.

(D) The United States agrees that it will file a motion requesting that Defendant's offense level be reduced by one level under U.S.S.G. § 3E1.1(b) for timely notifying the United States of Defendant's intention to enter a guilty plea, but Defendant understands that whether Defendant is entitled to any offense-level reduction under U.S.S.G. § 3E1.1 is entirely within the Court's discretion. The United States reserves the right to furnish the Court with full and accurate information and/or argue against the two-level reduction for acceptance of responsibility if Defendant engages or has engaged in conduct inconsistent with accepting responsibility, as defined in U.S.S.G. § 3E1.1 and its commentary.

(5)

Nothing herein limits the sentencing discretion of the Court. The United States and Defendant understand and agree that the Court should consider its sentence in light of the advisory United States Sentencing Guidelines. Defendant therefore agrees that at sentencing the Court may determine any fact pertinent to Defendant's sentence by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to the sentence to be imposed by the Court.

8



(6)

This agreement constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In particular, Defendant acknowledges and agrees that no one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range in order to induce this plea. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant understands that this agreement binds only the Office of the United States Attorney for the Middle District of Georgia, and that the agreement does not bind any other component of the United States Department of Justice, nor does it bind any state or local prosecuting authority, unless expressly stated herein.

(7)

As an aid to this Court, the United States and Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. § 6B1.4(d) (Policy Statement), this Court may accept this stipulation as written. The facts set forth below are intended to allow the Court to satisfy it obligation under Federal Rule of Criminal Procedure 11(b)(3) to ensure that an adequate factual basis to support the plea exists. In determining an appropriate guideline range or ultimate sentence, the Court, in its discretion, and consistent with its obligation to determine the facts relevant to sentencing, may consider other information in addition to the facts set forth here.

9

Subject to the above paragraph, the United States and Defendant stipulate and agree that Defendant is in fact guilty of the offense to which Defendant is pleading guilty, that the following facts are true and correct, and that the United States at trial could prove the following facts beyond a reasonable doubt:

In August 2023, FBI Agents met with an FBI confidential human source (CHS) regarding an investigation into an individual operating the Wickr username "Martyvanburren8" and Telegram username "Martin Van Buren" aka "Marty." The CHS identified "Marty" as someone involved in the sale and distribution of illegal narcotics into the Middle District of Georgia via the dark web. The CHS was able to provide the name Sam Homler to agents as the operator of the "Marty" accounts. Homler and the CHS had conducted illicit narcotics transactions in the past through Wickr, an end-to-end encrypted messaging application and would routinely create shipping labels for Homler, both for domestic shipping and international shipping. Using this information, agents utilized open-source databases and located an individual named Samuel Rourke Homler with addresses in New Orleans, Louisiana, Dallas, Texas and Philadelphia, Pennsylvania as well as a Verizon phone number. During the course of communications between Homler and the CHS regarding narcotics transactions, Homler advised the CHS that he could send samples of Roxicodone pills and Ketamine if the CHS purchased the shipping labels and indicated that this would facilitate future business on larger transactions.

On September 4, 2023, Agents met with the CHS and purchased two shipping labels for evidence samples of Roxicodone pills and Ketamine using FBI funds. Following the instructions provided by Homler, the CHS created the labels using a sender/return address of Himesh Joshi of 1613 Germantown Ave, Apt. 410, Philadelphia, PA. USPIS utilized an undercover P.O. Box in Jackson, Georgia (within the Middle District of Georgia) for the packages to be received. Homler

also provided the CHS with the email address themcpoylebloodline3500@gmail.com as to where he should send the shipping labels. On September 11, 2023, USPIS Inspectors received the two packages from the undercover P.O. Box and discovered that each contained illegal drugs. The first package (tracking number ending in 5914-89) contained approximately half a kilogram of suspected Ketamine. The second package (tracking number ending in 6151-43) contained five (5) tablets of suspected oxycodone hydrochloride. Both substances were subsequently submitted to the DEA for laboratory testing. The suspected Ketamine tested positive for Ketamine, a Schedule III controlled substance, with a net weight of 500.4g. The pills (which were suspected to contain fentanyl) tested positive for Protonitazene (chemical name N,N-Diethyl-2-(5-nitro-2-(4-propoxybenzyl)-1H-benzimidazol-1-yl)ethan-1-amine), a Schedule I controlled substance, with a net weight of 0.509g. Protonitazene is a relatively new synthetic opioid, first identified in U.S. toxicology samples in May 2021. The synthetic opioid exhibits potency similar to other recently emergent "nitazene" opioids and is approximately three times more potent than fentanyl. Through a review of USPIS business records, agents learned that the parcel containing Ketamine was paid for at a self-service kiosk machine at the main Philadelphia Post Office on September 8, 2023. Due to an issue with the shipping label for this package, the CHS was informed that Homler's associate had paid for that package to be shipped. Agents were also able to obtain a photo of the individual who shipped the package which matched the physical description of Shayaan Husain.

During the course of the investigation, Agents identified a third individual, Sergio Marroquin-Sosa, who shipped approximately ten (10) kilograms of methamphetamine to the undercover P.O. Box in the Middle District of Georgia from California. Upon identifying Marroquin-Sosa, USPIS reviewed packages he had received during the timeframe of this

11

investigation. Three packages were identified as being shipped to Marroquin-Sosa's address in California from an address in Philadelphia. The handwriting on the shipping labels appeared to match the handwriting on a package sent from Husain to Homler at Homler's address in Dallas. A review of IP addresses that tracked the three packages sent to Sosa and the package sent to Homler revealed that IP addresses registered to Husain tracked all four packages.

On October 16, 2024, Husain was arrested at his residence in Philadelphia. After being advised of his rights and the arrest warrant, Husain granted Agents consent to search the residence. During an interview with Agents, Husain indicated that the drugs found in his apartment were sent to him by Homler, either for redistribution or as payment for his role. Lab testing by the DEA revealed the following results: methamphetamine with a total weight of 8.04g of pure substance, cocaine with a total weight of 31.1g, bromazolam with a total weight of 333.2g, MDMA with a total weight of 65.16g, ketamine with a total weight of 27.38g, and delta 9-tetrahyrdocannabinolic acid (THCA) with a total weight of 15.85g.

Defendant now admits and agrees that all allegations contained in Count One of the Indictment are true and correct, and that all the necessary elements necessary for conviction have been established beyond a reasonable doubt.

12

(8)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by Defendant.

SO AGREED, this 8th day of July, 2025.

WILLIAM R. KEYES
UNITED STATES ATTORNEY

BY: *[signature: Daniel Peach]*

DANIEL W.A. PEACH
ASSISTANT UNITED STATES ATTORNEY

I, Shayaan Husain, have read this agreement and had this agreement read to me by my attorney, Adam M. Cain. I have discussed this agreement with my attorney and I fully understand it and agree to its terms. Defendant acknowledges that Defendant authorized and consented to the negotiations between the United States and the attorney for Defendant that led to this agreement.

_____
SHAYAAN HUSAIN
DEFENDANT

I, Adam M. Cain, attorney for Defendant Shayaan Husain, have explained the Indictment and the United States' evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
ADAM M. CAIN
ATTORNEY FOR DEFENDANT